**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MELANIE HARDY,

                            Plaintiff,

             -against-

CITY OF NEW YORK, et al.,

                       Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: __12/4/2025__

**25-CV-5323 (DEH) (KHP)**

**POST- CONFERENCE ORDER**

On December 4, 2025, the parties in the above-captioned case appeared before the undersigned for an initial case management conference.  After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.**  There will be no further amendments or joinder of parties absent good cause.

**Discovery.**   The deadline to complete all fact discovery is **May 30, 2026** and the court otherwise adopts deadlines for requests for production, requests for admission, interrogatories and depositions in the discovery schedule submitted by the parties at ECF No. 19. Affirmative expert reports will be due on **August 17, 2026**.  Rebuttal expert reports will be due on **September 16, 2026**.  All expert discovery must be completed by **October 1, 2026**.

Summary judgment motions are due 30 days after the close of fact discovery.

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.**  Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.**  The parties shall file a status letter updating the Court on the conduct of discovery by **January 15, 2026**.

**Consent.**  The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c).  If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.  This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at

preserving scarce judicial resources and reminding the parties of their option pursuant to 28

U.S.C. § 636(c).

**SO ORDERED.**

DATED:      New York, New York
            December 4, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge